UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No.   17 CR 028 |
| v.                                                ) | |
| ) | Judge Sharon Johnson Coleman |
| ALVIN WILKINSON                 ) | |

**PROTECTIVE ORDER AS TO CERTAIN**
**REAL PROPERTY SUBJECT TO FORFEITURE**

The United States of America, through ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, moves for entry of a protective order directing the interlocutory sale of certain property pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by Title 28, United States Code, Section 2461(c), and in support thereof submits the following:

(a)     On January 17, 2017 an indictment was returned charging defendant Alvin Wilkinson with mail fraud and wire fraud, in violations of Title 18, United States Code, Sections 1341 and 1341, and alleging a fraudulent scheme lasting from 1999 through 2016;

(b)     The indictment seeks forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any and all right, title, and interest the defendant may have in certain real property constituting and derived from the proceeds traceable to the mail and wire fraud violations, including but not limited to the real property commonly known as 139 Millerton Road, Sharon, Connecticut ("Millerton Road property");

(c) To preserve its interest in the Millerton Road property, the United States recorded a *lis pendens* notice with the Sharon, CT Town Clerk on January 31, 2017 in Volume 187 at Page 960 of the Sharon Land Records;

(d) According to the Sharon, CT Land Records, defendant Alvin G. Wilkinson and Alexandra G. Chipurnoi (formerly Wilkinson) purchased the Millerton Road property on or about December 27, 2011;

(e) There is one outstanding mortgage secured by the Millerton Road property. The mortgage, in the amount of $1,240,000, was recorded January 3, 2012 in Volume 187 at Page 961 of the Sharon Land Records. The mortgage is presently held by M & T Bank, Buffalo, NY. The borrowers are identified as Alvin G. Wilkinson and Alexandra G. Wilkinson (now Chipurnoi);

(f) On October 28, 2015, a Quit Claim Deed was recorded in Volume 199 at Page 159 of the Sharon Land Records in which defendant Alvin Wilkinson quitclaimed all right, title and interest he had in the Millerton Road property to Alexandra G. Wilkinson (now Chipurnoi). The quit claim deed was recorded years after the start of the fraudulent scheme that is alleged in the indictment against defendant Alvin Wilkinson;

(g) The United States requests action by this Court because it has learned that Alexandra Chipirnoi has recently been divorced from Alvin Wilkinson upon Order of the Connecticut Superior Court dated January 20, 2017; that the Order of the Connecticut Superior Court awarded Alexandra Chipurnoi the entire ownership

in the Millerton Road Property; that the financial responsibilities relating to Millerton Road are burdensome; and that Alexandra Chipurnoi does not have the means to continue to meet these financial obligations while attempting to support her two children. These financial responsibilities include, but are not limited to, the monthly mortgage payment, including escrows for taxes and insurance in the amount of approximately $7,000; regular care and maintenance of the Millerton Road property; and payment of the utility bills;

(h)  Further, the government has learned that Alexandra G. Chipurnoi has recently listed the Millerton Road property for sale with Elyse Harney Real Estate, Salisbury, CT for $1,750,000 with the intention of concluding a sale of the property as soon as possible to avoid foreclosure of the outstanding mortgage;

(i)  Pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that property or its equity will be available for forfeiture in the event of conviction;

(j)  Title 21, United States Code, Section 853(e)(1) provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -

> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

(k) Accordingly, in order to preserve the availability of the equity in the Millerton Road property subject to forfeiture, the United States and Alexandra Chipurnoi entered into a stipulated agreement. Pursuant to the agreement, the United States agrees to the sale of the Millerton Road property by Alexandra Chipurnoi as long as one-half of the net proceeds of the sale, after payment of certain verifiable costs, are held in an escrow account maintained by the United States Marshals Service pending further order of the Court;

(l) Permitting the sale of the Millerton Road property now would increase the amount, after satisfaction of obligations, that will be available for forfeiture to the United States upon conviction;

(m) Failure to take the proposed action relating to the Millerton Road property, will in all probability, result in economic damage to the value of the subject property and jeopardize the availability of any equity in the property, thus making the property or proceeds from the sale unavailable for forfeiture.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. That, the Agreed Motion for Entry of a Protective Order Directing the Interlocutory Sale of Certain Real Property is granted. It is further ordered,

2. That, pursuant to the terms of the executed Stipulated Agreement dated February 13, 2017, Alexandra G. Chipurnoi (formerly Wilkinson), shall sell the real property located 139 Millerton Road, Sharon, Connecticut ("Millerton Road property"), legally described as follows:

> THAT CERTAIN PIECE OR PARCEL OF LAND (BEING PART OF "INDIAN LAKE FARM"), SO-CALLED, LOCATED IN THE TOWN OF SHARON, COUNTY OF LITCHFIELD AND STATE OF CONNECTICUT, ON THE WESTERLY SIDE OF THE MILLERTON HIGHWAY, (ROUTE #361), BOUNDED AND DESCRIBED AS FOLLOWS:
>
> BEGINNING AT A CONCRETE MONUMENT ON THE WESTERLY SIDE OF SAID ROUTE #361, WHICH CONCRETE MONUMENT IS N 03° 18' 30" W 30.52 FEET FROM A CONNECTICUT HIGHWAY DEPARTMENT MONUMENT, AND WHICH CONCRETE MONUMENT MARKS THE SOUTHEAST CORNER OF THE PREMISES HEREIN CONVEYED; THENCE ALONG A WIRE FENCE AND ALONG LANDS NOW OR FORMERLY OF TIMOTHY S. AND PATRICIA M. PARRY N 84° 50' 00" W 115.20 FEET TO AN EXISTING IRON PIPE; THENCE STILL ALONG LANDS NOW OR FORMERLY OF SAID PARRY AND CONTINUING ALONG SAID WIRE FENCE N 87° 32' 15" W 1,865.65 FEET TO A CONCRETE MONUMENT AT THE SOUTHWEST CORNER OF THE PREMISES HEREIN CONVEYED; THENCE STILL ALONG SAID LANDS NOR OR FORMERLY OF PARRY AND STILL ALONG A WIRE FENCE N 02° 33' 30" E 276.77 FEET TO A CONCRETE MONUMENT, AND N 04° 39' 50" W 16.50 FEET TO AN EXISTING IRON PIPE AT THE NORTHWEST CORNER OF THE PREMISES HEREIN CONVEYED; THENCE ALONG LANDS NOW OR FORMERLY OF DWIGHT K. FAULKNER AND ALONG A WIRE FENCE S 87° 17' 35" E 781.12 FEET TO AN EXISTING DRILL HOLE IN A STONE WALL; THENCE STILL ALONG SAID FAULKNER LANDS AND A STONE WALL S 87° 34' 20" E 755.78 FEET TO AN IRON PIN IN THE SOUTHWEST CORNER OF LANDS NOR OR FORMERLY OF HARRIS D. AND JANE O. DIENSTFREY; THENCE ALONG SAID LANDS OF DIENSTFREY AND ALONG A STONE WALL S 88° 03' 35" E 171.82 FEET AND ALONG A WIRE FENCE S 87° 16' 30" E 247.05 FEET TO AN EXISTING IRON PIN THE SOUTHEAST CORNER OF SAID LANDS OF DIENSTFREY; THENCE ALONG SAID SHARON-MILLERTON ROAD – ROUTE #361, S 02° 05' 20" E 157.28 FEET TO A CONNECTICUT HIGHWAY DEPARTMENT MONUMENT, AND S 03° 18' 30" E 139.96 FEET TO THE CONCRETE MONUMENT, BEING THE POINT AND PLACE OF BEGINNING, AND CONTAINING 13.131 ACRES, MORE OR LESS.

It is further ordered,

3. That, Alexandra G. Chipurnoi shall, upon any such sale, accord the United States the opportunity to review and approve the Sales Contract relative to

the sale of the Millerton Road property. The United States shall have five (5) business days from the receipt of the Sales Contract to approve or disapprove the Sales Contract. The United States agrees not to unreasonably withhold approval of the Sales Contract. In the event the United States does not approve or disapprove the Sales Contract within five (5) business days, the Sales Contract will be deemed approved. The United States shall not disapprove of any Sales Contract on the basis of sale price, as long as the sales price is consistent with a price in the range of fair market value in an arms-length transaction. It is further ordered,

4. That, the United States shall provide an original release of *lis pendens* notice to the attorney for the purchaser of the Millerton Road property prior to closing. It is further ordered,

5. That, upon the sale of the Millerton Road property, the proceeds shall be distributed as follows:

    (a) any mortgage due and owing to M & T Bank, or its assignee or successor, the verified mortgage lender for the Millerton Road property, including the principal balance and interest due and any other charges, late or otherwise, that may have lawfully arisen under the Note and/or Mortgage, including reasonable attorneys' fees;

    (b) any outstanding federal or state income tax liens, inchoate or otherwise; state and local conveyance taxes; any unpaid real estate taxes due and owing; and real estate brokerage commissions, all as documented at the date of closing on the Millerton Road property;

(c) after payment of the expenses outlined in paragraphs (a) and (b) above, one-half of the net proceeds from the sale of the Millerton Road property shall be disbursed to the United States Marshals Service, pending further order of the Court.

It is further ordered,

6. That, the forgoing proceeds shall be maintained in an escrow account by the United States Marshals Service Seized Assets Deposit Fund as cash in lieu of the Millerton Road property, pending further order of this Court.

7. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order directing the interlocutory sale of the above-identified real property.

SHARON JOHNSON COLEMAN
United States District Judge

DATED: 2/14/2017